UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-174 |
| PALMA JEFFERSON, JR. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Palma L. Jefferson, Jr.'s motion for reconsideration[1] of this Court's Order[2] denying defendant a *Franks* hearing on his motion to suppress. The Government opposes the motion.[3] For the following reasons, the Court denies the motion.

## I.   BACKGROUND

Defendant asks the Court to reconsider its previous order denying defendant's motion for a *Franks* hearing on the adequacy of the affidavits supporting the search and arrest warrants underlying the charged offenses. Defendant argues that he has presented evidence entitling him to a *Franks* hearing based on his argument that certain photographs taken by the

---

[1]   R. Doc. 109.
[2]   R. Docs. 77 & 95.
[3]   R. Doc. 117.

Jefferson Parish Sherrif's Office ("JPSO") inside defendant's apartment on April 30, 2019, were taken before the search warrant was issued. Specifically, Jefferson asserts that both the photographs' metadata and the Government's own representations indicate that Detective Wiebelt took the photographs in question, but that other evidence in the record indicates that he could not have been at defendant's apartment taking photographs beginning at 9:18 a.m.[4] Jefferson contends that, in light of conflicting evidence and statements by the Government, he is entitled to a hearing to clarify (1) whether there was a warrantless search, and (2) whether the omission of that fact from the affidavits supporting the search and arrest warrants was deliberate and done with "reckless disregard for the truth."[5] The Government opposes the motion, stating that defendant has "misconstrue[d]" the evidence, and that, based on the supplemental police report, it was Detective Breaux, not Wiebelt, who took the photographs.[6]

The Court considers the parties' arguments below.

---

[4]    *Id.* at 5-6.
[5]    *Id.*
[6]    R. Doc. 117 at 3-4.

2

## II. LEGAL STANDARD

"Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995)). Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). These principles apply to suppression motions. *See United States v. Doggins*, 633 F.3d 379, 382 (5th Cir. 2011).

## III. DISCUSSION

Defendant requests that the Court reconsider its previous order denying his motion to suppress "specifically as it relates to the denial of a *Franks* Hearing."[7] Upon review of defendant's motion, it appears that defendant is requesting not just a reconsideration of the Court's denial of his *Franks* hearing, but also reconsideration of whether the police conducted a warrantless search of his apartment, and relatedly, whether evidence obtained during that purported search should be suppressed. The Court thus

---

7   R. Doc. 109-1 at 3.

3

construes defendant's motion as one for reconsideration of both the Court's denial of his motion to suppress evidence obtained during an allegedly warrantless search of his apartment, as well as its denial of his request for a *Franks* hearing regarding the alleged material omissions in the affidavits supporting the search and arrest warrants. The Court addresses each request in turn.

### A. Warrantless Search

In denying defendant's motion to suppress evidence obtained from an allegedly warrantless search, the Court rejected defendant's assertion that officers conducted a search of his home before 9:07 a.m. when they obtained a search warrant, because defendant's argument was based on a flawed reading of timestamps contained in the metadata of the relevant photographs.[8] On reconsideration, defendant points to additional evidence that he asserts supports his argument that the officers conducted a warrantless search, and thus contends that the evidence from his apartment should be suppressed. But in deciding defendant's motion to reconsider, the Court need not reach the question of whether there was an initial warrantless search. Even assuming *arguendo* that there was a warrantless search, the

---

8  R. Doc. 95 at 27-28.

officers' second search after obtaining the search warrant "remove[d] any taint from the original seizure," thereby making the evidence admissible under the independent-source doctrine. *United States v. Bryan*, 275 F.3d 1081, 1081 (5th Cir. 2001).

"[T]he exclusionary rule prohibits the introduction at trial of all evidence that is derivative of an illegal search, or evidence known as the 'fruit of the poisonous tree.'" *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (quoting *United States v. Singh*, 261 F.3d 530, 535 (5th Cir. 2001)). But, evidence that is otherwise suppressible under the exclusionary rule may still be admitted "if the connection between the alleged illegality and the acquisition of the evidence is 'so attenuated as to dissipate the taint.'" *United States v. Grosenheider*, 200 F.3d 321, 327 (5th Cir. 2000). One example of this "attenuation" limitation is the independent-source doctrine, which provides that information "received through an illegal source is considered to be cleanly obtained when it arrives through an independent source." *United States v. Hearn*, 563 F.3d 95, 102 (5th Cir. 2009) (citing *Murray v. United States*, 487 U.S. 533, 538-39 (1988)). The independent-source doctrine is based on "'the policy that, while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied' had the misconduct not

occurred." *United States v. Restrepo*, 966 F.2d 964, 969 (5th Cir. 1992) (quoting *Murray*, 487 U.S. at 542). Thus, even if the police engage in an illegal entry and search of a home, the evidence obtained during such a search is "nonetheless admissible if it is also discovered through an independent source." *Id.*; *see also Murray*, 487 U.S. at 542 (holding that evidence obtained as a result of an independently obtained search warrant is admissible even though the evidence had been previously observed during a warrantless search).

The Fifth Circuit requires courts to make a two-part inquiry to determine whether the independent-source exception to the exclusionary rule applies: "(1) does the warrant affidavit when purged of tainted information gained through the initial illegal entry, contain sufficient remaining facts to constitute probable cause; and (2) did the illegal search affect or motivate the officers' decision to procure the search warrant." *Hearn*, 563 F.3d at 102.

Having reviewed the record, the Court finds that both prongs of the inquiry are satisfied here. As to the first prong, the sworn "Application for Search Warrant" describes the events preceding the search, including the anonymous tipster, the officers' corroboration of the tipster's information, their subsequent surveillance of the apartment, and Jefferson's admission to

6

the officers that he had "a large quantity of cocaine and a firearm inside [his] apartment."[9] The affidavit does not include any evidence from the allegedly warrantless search of Jefferson's apartment. The last observation included in the affidavit is Jefferson's admission about the cocaine and firearm, which occurred in the parking lot outside of his apartment.[10] And as the Court held in its previous Order, Detective Breaux's affidavit included enough information for the magistrate to find probable cause.[11] That the affidavit did not rely on any evidence from inside Jefferson's apartment "compels [the] conclusion that the warrant was supported by probable cause unsullied by information from the initial entry." *Bryan*, 275 F.3d at 1081. Accordingly, the first prong is satisfied. *See United States v. Kittelberger*, 595 F. App'x 355, 360 (5th Cir. 2014) (finding the first prong of the independent-source inquiry satisfied where "the affidavit for the search warrant issued for Suite 206 did not contain any information derived from the initial warrantless search"); *Grosenheider*, 200 F.3d at 327 (finding that, because evidence obtained from an unlawful search was "never mentioned to the Magistrate Judge," it did not "taint the Magistrate Judge's decision to issue the warrant").

---

[9] R. Doc. 67-3 at 1-3 (Application for Search Warrant).
[10] *Id.* at 3.
[11] R. Doc. 95 at 35.

7

As to the second prong, the Court finds that even, assuming there was an initial warrantless search, there is no evidence that it had any impact on the officers' decision to seek a search warrant. In making this inquiry, courts "may wish to consider such factors as the precise nature of the information acquired after the illegal entry, the importance of this information compared to all the information known to the agents, and the time at which the officers first evinced an intent to seek a warrant." *United States v. Hassan*, 83 F.3d 693, 699 (5th Cir. 1996). Here, given, among other things, Jefferson's statement that he had cocaine and a firearm in his apartment, it is clear that the officers would have sought and obtained a search warrant even if they had not entered Jefferson's apartment. *See United States v. Cabaniss*, 268 F. App'x 196, 199 (5th Cir. 2008) (applying the independent-source rule to a subsequent search when the warrant application was primarily supported by a confidential informant's tip, and the supporting affidavit demonstrated that "the police had corroborated numerous details of this particular tip apart from any fruit of the allegedly unconstitutional seizure"); *see also United States v. Glover*, 2012 WL 3548039, at *6 (E.D. La. Aug. 16, 2012) (finding that the officers would have still sought a warrant absent the illegal search when the record established that the "agents decided to apply for a

8

search warrant after speaking with [defendant] during the investigatory stop and *before* they unlawfully entered [his] residence").

Moreover, the record suggests that the officers already planned to seek a search warrant for Jefferson's apartment before they conducted the purportedly warrantless search. The supplemental police report states that the officers used Jefferson's key to enter his apartment to "secure it" and to "prevent the destruction of evidence, pending the securing of a lawful order of search."[12] Thus, even before the officers entered the apartment, they had "evinced an intent to seek a warrant." *Hassan*, 83 F.3d at 699.

Because the officers would have sought a warrant even had they not entered Jefferson's apartment, and because the warrant was supported by probable cause, the Court concludes that the drugs and other items were obtained through an independent source—that is, the post-warrant search—and therefore need not be suppressed. *See Grosenheider*, 200 F.3d at 329 (noting that an "independent 're-seizure' can cure an earlier illegal seizure in the same way a valid later search can cure an earlier illegal one"). Therefore, to the extent that defendant seeks reconsideration of the Court's denial of his motion to suppress evidence from the officers' allegedly warrantless search of his apartment, the Court denies defendant's motion. *See United States v.*

---

[12]   R. Doc. 117-2 at 4 (Supplemental Report).

*Moss*, No. 11-54, 2013 WL 55862, at *2 (E.D. La. Jan. 3, 2013) (finding that defendant's motion to reconsider was "without merit" where the court had previously held that "it is without doubt that the evidence that was seized . . . is independent and untainted" and thus "suppression is improper").

Further, to the extent that defendant seeks an evidentiary hearing on his motion to suppress evidence, the Court finds that such a hearing is not warranted. There are no factual issues in dispute that are material to defendant's motion. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) (concluding that "evidentiary hearings [on motions to suppress] are not granted as a matter of course, but are held only when defendant alleges sufficient facts which, if proven, would justify relief").

### B. Search and Arrest Warrants

Jefferson also seeks reconsideration of the Court's holding that he was not entitled to a *Franks* hearing because he had not made the requisite "substantial preliminary showing" that the affiant included or omitted information "knowingly and intentionally, or with a reckless disregard for the truth." *Franks v. Delaware*, 438 U.S. 155-56 (1978). Defendant asserts that additional evidence—specifically that Detective Wiebelt was the photographer—shows that the photographs were taken prior to the receipt of

10

the search warrant.[13] He contends that this evidence, in addition to the other discrepancies in the record, entitles him to a *Franks* hearing to show that Detective Breaux "intentionally and knowingly" omitted that the officers entered his apartment and searched it before receiving the warrant."[14]

To obtain a *Franks* hearing regarding allegedly misleading statements or omissions in a warrant's affidavit, the defendant must make a "substantial preliminary showing," 438 U.S. at 155, that the affidavit upon which the warrant was authorized contained misleading misrepresentations or omissions that are dispositive of the finding of probable cause. *United States v. Tomblin*, 46 F.3d 1369, 1376-77 (5th Cir. 1995). To determine, as is relevant here, whether facts omitted from a warrant affidavit are "material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause." *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006). In other words, a hearing under *Franks* is not warranted unless probable cause does not exist after the insertion of the alleged omission.

---

13  R. Doc. 109-1 at 5.
14  *Id.* at 5-6.

11

Here, defendant has presented evidence based on the photographs' metadata and the Government's previous statements to suggest that Detective Wiebelt took photographs of evidence inside Jefferson's apartment before the search warrant was issued. Although the Government disputes both that Detective Wiebelt was the photographer and that the photographers were taken before 9:07 a.m., even assuming that these facts are true, defendant still has not made the requisite showing under *Franks* to receive an evidentiary hearing on the omission of this information. As previously discussed, there was probable cause to justify the warrant, and the warrant affidavit did not rely on any evidence discovered as a result of the allegedly unlawful entry and search of defendant's residence. Moreover, even if the warrant affidavit stated that the officers had entered and searched Jefferson's apartment without a warrant, the information in the affidavit would still be sufficient for the magistrate to find probable cause. Thus, even assuming that Detective Breaux made this omission, it was not "clearly critical" to the finding of probable cause in this case. *Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 1990); *see also United States v. Barnes*, 126 F. Supp. 3d 735, 743-44 (E.D. La. 2015) ("This is not one of those 'extreme cases' in which inclusion of an omitted fact would destroy probable cause." (quoting *United States v. Cleveland*, 964 F. Supp. 1073, 1078 (E.D. La. 1997))). Therefore,

12

the Court finds that defendant has failed to make the requisite showing for a *Franks* hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to reconsider.

New Orleans, Louisiana, this __4th__ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE