UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 19-174

PALMA JEFFERSON, JR.                            SECTION "R" (1)


**ORDER AND REASONS**

Before the Court is the Government's motion *in limine* to prohibit the defendant from rearguing suppression issues at trial.[1]  For the following reasons, the Government's request is granted in part.

**I.   BACKGROUND**

On March 18, 2022, the Government filed a superseding indictment charging Jefferson with six counts: (1) possession with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i); (2) possession with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II); (3) possession with the intent to distribute 500 grams or

---

[1]    R. Doc. 139.

more of a mixture and substance containing a detectable amount of methamphetamine, in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); (4) possession with the intent to distribute a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); (5) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (a)(2); and (6) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).[2] Jefferson pleaded not guilty to the charges in the superseding indictment, and his trial is scheduled for April 11, 2022.[3]

On June 24, 2021, Jefferson moved to suppress statements he made during an initial seizure, the evidence obtained during the search of his apartment, and the statements he made following his arrest.[4] He also requested a *Franks* hearing on the adequacy of the affidavits supporting the search and arrest warrants underlying the charged offenses.[5] After holding an evidentiary hearing on July 27, 2021, the Court denied defendant's motion.[6] On March 15, 2022, defendant filed a motion for reconsideration

---

[2]   R. Doc. 111.
[3]   R. Doc. 120.
[4]   R. Doc. 67.
[5]   *Id.* at 12.
[6]   R. Doc. 95.

of the Court's Order.[7] On April 4, 2022, the Court denied defendant's motion to reconsider.[8]

The Government now moves to preclude the defendant from "re-litigating at trail his previously filed motion to suppress, motion to reconsider suppression, and any arguments upon which he relied in those motions."[9] Specifically, the Government provides the Court with a non-exhaustive list of arguments that it seeks to prevent the defendant from making at trial.[10] The defendant opposes the motion, asserting that the Government's motion is broader than just preventing defendant from rearguing his suppression motion, and instead prevents the defendant from presenting "a complete defense" and from challenging the Government's version of events.[11] The Court considers the parties' arguments below.

## II. DISCUSSION

This Court has already ruled twice on the admissibility of the evidence obtained by police officers during a seizure and subsequent search of defendant's apartment, as well as the statements made by defendant

---

[7]   R. Doc. 109.
[8]   R. Doc. 141.
[9]   R. Doc. 139 at 1.
[10]  R. Doc. 139-1 at 7-8.
[11]  R. Doc. 148.

following his arrest. Given these rulings, the propriety of the seizure, search, and arrest occurring on April 30, 2019, has already been conclusively decided, and there is no reason to "rehash . . . issues previously raised and ruled upon." *See United States v. Mackey*, 299 F. Supp. 2d 636, 644 (E.D. La. 2004) (holding that a defendant's right to confront witnesses was not violated because he was prevented from cross-examining a witness about "issues previously dealt with and ruled upon at his suppression hearing").

Moreover, the legality of the search and seizure in question, as well as the admissibility of any evidence obtained therein, are not issues for the jurors to decide. *See United States v. Lang*, 8 F.3d 268, 271 (5th Cir. 1993) (holding that it was improper for the court to submit questions of admissibility to the jury); *United States v. Stuart*, 507 F.3d 391, 395 (6th Cir. 2007) ("As with most evidentiary rulings . . . courts rather than juries must ultimately decide whether a Fourth Amendment claim requires the suppression of evidence." (internal citations omitted)). Accordingly, while the defendant is permitted to challenge the Government's version of events and the credibility of its witnesses, the Court will not allow the defendant to make arguments to the jury that the initial stop and the subsequent search, seizure, and arrest of defendant are illegal, or are issues for the jury to decide.

Thus, to the extent that the Government's motion *in limine* seeks to prevent the defendant from relitigating (i) whether the officers had reasonable suspicion for a *Terry* stop, (ii) whether they legally searched defendant's apartment, or (iii) whether they legally arrested defendant, the motion is granted. But to the extent that the Government's motion is broader than this, the Court denies the motion. The Court cannot determine the propriety of specific questions in advance. Whether there is a permissible basis for specific questions cannot be determined in a vacuum without the Court's understanding what information is sought, and what its possible evidentiary uses are in the context of the trial. The Court will rule on specific objections by the Government as they arise during the trial.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion *in limine* to the extent stated herein.

New Orleans, Louisiana, this __7th__ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE